Matter of Webber (2019 NY Slip Op 06171)





Matter of Webber


2019 NY Slip Op 06171


Decided on August 21, 2019


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 21, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
JOHN M. LEVENTHAL, JJ.


[*1]In the Matter of Daren Allen Webber, a suspended attorney. (Attorney Registration No. 4128856)



MOTION by the respondent, in effect, for the imposition of reciprocal discipline based on an opinion and order on sanction of the United States District Court for the Southern District of New York dated September 6, 2018. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on May 28, 2003. By opinion and order of this Court dated July 11, 2018, the respondent was suspended from the practice of law for an indefinite period, effective immediately, based on an opinion and order of the United States District Court for the Southern District of New York dated September 14, 2017 (see Matter of Webber, 163 AD3d 138).



Gary L. Casella, White Plains, NY (Anthony R. Wynne of counsel), for Grievance Committee for the Ninth Judicial District.
Daren Allen Webber, West Covina, California, respondent pro se.



PER CURIAM.


OPINION & ORDER
By opinion and order on sanction of the United States District Court for the Southern District of New York (hereinafter the District Court) dated September 6, 2018, the respondent was suspended from the practice of law in the District Court for one year and until further order of the District Court.
The opinion and order on sanction was preceded by an opinion and order of the District Court dated September 14, 2017, which suspended the respondent in the interim from the practice of law for an indefinite period until further order of the District Court. The underlying conduct that resulted in the respondent's interim suspension concerned his negligent handling of numerous bankruptcy matters. By opinion and order of this Court dated July 11, 2018, the respondent was suspended, pursuant to 22 NYCRR 1240.13, from the practice of law for an indefinite period, effective immediately, based on the District Court's September 14, 2017, order (see Matter of Webber, 163 AD3d 138).
In the opinion and order on sanction, the District Court noted that the Committee on Grievances for the District Court concluded that the respondent engaged in conduct that violated New York Rules of Professional Conduct rules 1.1(a); 1.3(a); 1.3(b); 1.4(a)(1)-(4); 3.4(c); 7.1(a),(e) and (f); 8.4(a); and 8.4(d). In determining that the appropriate sanction was a one-year suspension, the District Court stated:
"Respondent made a submission on the disciplinary sanction to be imposed. The Committee has considered the absence of a prior disciplinary record, the absence of a dishonest or selfish motive, and Respondent's cooperative attitude towards this disciplinary proceeding, among other mitigating factors. See ABA, Standards for Imposing Lawyer Sanctions § 9.32 (1986, amended 1992). There are serious [*2]aggravating circumstances present here, including Respondent's pattern of misconduct, and the fact that his response to the charges was far more dismissive than it was remorseful. See id. at § 9.22. The Court also notes that prior to initiation of this disciplinary proceeding, the Bankruptcy Court tried in vain to assist Respondent for well over a year to improve his practices; Respondent repeatedly failed to abide by the Bankruptcy Court's instructions. The Committee concludes that the protection of the public and of the judicial system is best served by suspending Respondent from the practice of law in this district."
In an affidavit submitted in support of the instant motion, the respondent asserts no mitigating factors. He seeks only that final discipline be imposed by this Court.
Apart from the suspension imposed by the opinion and order of this Court dated July 11, 2018, we note that the respondent was previously issued a Letter of Admonition for his failure to timely re-register with the Office of Court Administration for the 2017-2018 biennial period.
Based on the foregoing, and the underlying facts of this case as previously set forth in this Court's opinion and order dated July 11, 2018 (see Matter of Webber, 163 AD3d at 138), we find that reciprocal discipline is warranted and, pursuant to 22 NYCRR 1240.13, the respondent is suspended from the practice of law for one year based on the discipline taken against him by the District Court.
SCHEINKMAN, P.J., MASTRO, RIVERA, DILLON and LEVENTHAL, JJ., concur.
ORDERED that the respondent's motion is granted; and it is further,
ORDERED that pursuant to 22 NYCRR 1240.13, the respondent, Daren Allen Webber, is suspended from the practice of law for one year, effective immediately, and continuing until further order of this Court. In any future application for reinstatement (see 22 NYCRR 1240.16 and 691.11), the respondent shall furnish satisfactory proof that during the period of suspension he (1) refrained from practicing or attempting to practice law, (2) fully complied with this opinion and order and with the terms and provisions of the written rules governing the conduct of disbarred or suspended attorneys (22 NYCRR 1240.15), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11; and (4) otherwise properly conducted himself; and it is further,
ORDERED that during the period of suspension and until further order of the Court, the respondent, Daren Allen Webber, shall continue to comply with this Court's rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until further order of the Court, the respondent, Daren Allen Webber, shall continue to desist and refrain from (l) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Daren Allen Webber, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court